PROB 12 (Rev. 11/1/2004)

**FILED BY CLERK OF COURT**

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Mitchell Adam Chirchick**

**Docket No. 0:00CR00167-001(JRT)** ✓
**Docket No. 0:01CR00268-001(JRT)**

**AMENDED Petition on Supervised Release**

COMES NOW **Richard W. Hermes**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Mitchell Adam Chirchick** who was sentenced January 4, 2001, for Mail Fraud [0:00CR00167-001]; and on July 25, 2002, for Mail Fraud [0:01CR00268-001] by the Honorable John R. Tunheim, who fixed the period of supervision at 3 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

**Docket No. 0:00CR00167-001(JRT)**
Financial Disclosure; Pay Restitution; and Cooperate with Internal Revenue Service
**Modified as of July 13, 2001**
No new credit; Restrict employment; and Submit to searches

**Docket No. 0:01CR00268-001(JRT)**
Financial disclosure; Pay Restitution; Cooperate with Internal Revenue Service; No employment with fiduciary responsibilities; and Pay Spousal Maintenance

On April 20, 2005, Mr. Chirchick was released from imprisonment and commenced his term of supervision in the District of Nevada.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

STANDARD CONDITION #2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

Mr. Chirchick failed to submit monthly supervision reports for the months of June, August, and December 2006. He claimed that he received no earnings from CEI even though he continues to be involved with CEI.

STANDARD CONDITION #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Mr. Chirchick failed to answer truthfully inquiries by the probation officer. Initially he indicated that he was just an employee of CEI, and later admitted the business was his.

Mr. Chirchick failed to follow instructions of the probation officer. He started and operated CEI without the approval of the probation officer. He was instructed on two separate occasions to disassociate from CEI.

SCANNED
FEB 26 2007
U.S. DISTRICT COURT MPLS

SPECIAL CONDITION #5: The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

Mr. Chirchick was engaged in financial or fiduciary-related activities, including soliciting and handling of third-party funds. He had been soliciting potential clients to buy sporting event packages. On February 8, 2007, FBI agents from Hawaii contacted the probation officer advising that Mr Chirchick submitted a fraudulent check to a Hawaiian hotel as a deposit for a block of rooms for a tour group to attend the NFL Pro Bowl. Authorities estimate a total loss of approximately $600,000 to $800,000. Numerous victims in Las Vegas attempted to contact Chirchick through his business, Crosseyed, Inc. (CEI), and found the business closed. The travel package Chirchick sold was found to have been cancelled.

MANDATORY CONDITION #2: If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

Mr. Chirchick has failed to regularly pay his restitution.

**<u>Additional Violations</u>: MANDATORY CONDITION: Shall not leave the judicial district without permission.**

**On February 13, 2007, Mr. Chirchick admitted to have traveled to Miami, Florida; Seattle, Washington; and Minneapolis, Minnesota, within the last 30 days without permission. Additionally, third party information revealed that Mr. Chirchick also traveled to Denver, Colorado, on or about January 27, 2007, without permission.**

**MANDATORY CONDITION: Shall answer truthfully all inquiries and follow instructions of the probation officer.**

**On March 17 and March 23, 2006, Mr. Chirchick was instructed by the probation officer to provide his girlfriend's identifiers. He failed to follow instructions as he never provided Ms. Jonetta Chubbs' information.**

**MANDATORY CONDITION: Shall notify the probation officer of any change in residence/employment.**

**On February 16, 2007, telephone contact was made with Mr. Chirchick's supervisor, Mark Smith, of Chapman Dodge who advised that the offender's last day of employment was January 31, 2006. Mr. Smith reported that Mr. Chirchick stopped showing up for work. The offender failed to notify the probation officer of his change of employment status.**

PRAYING THAT THE COURT WILL ORDER That **the Petition on Supervised Release dated February 12, 2007, be amended to include the additional violation noted above.**

**[The rationale for a warrant is contained in Section 5 of the violation report.]**

ORDER OF THE COURT

Considered and ordered this 25 day of February, 2007, and ordered filed and made a part of the records in the above case.

Honorable John R. Tunheim
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Richard W. Hermes
U.S. Probation Officer

Executed on February 21, 2007
Place Minneapolis

Approved:

John G. Baskfield
Supervising U.S. Probation Officer